# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR13-3010-MWB |
| vs. | |
| RYAN HANSEN | **ORDER REGARDING DEFENDANT'S *PRO SE* MOTION FOR RETURN OF PROPERTY** |
| Defendant. | |

_____

## I.    INTRODUCTION AND BACKGROUND

This case is before me on defendant Ryan Hansen's *pro se* Motion for Return of Property (docket no. 68). In his motion, Hansen seeks the return of certain listed property pursuant to Federal Rule of Criminal Procedure 41(g).[1] The prosecution has filed a timely response to Hansen's motion in which it indicates it cannot agree to return item nos. 7 and 9 because it deems them to be drug paraphernalia and notes that the scale had drug residue on it. The prosecution also notes that item no. 4 belongs to a male individual from Minnesota, and will be returned to that person. In addition, the prosecution indicates that item nos. 2, 3, 5, 6, and 8 were not seized by the Kossuth Sheriff's Office. Finally, the prosecution asserts that item no. 1, the 2007 Chrysler 300 automobile, was surrendered by Sharon Hansen, defendant Hansen's mother, who had power of attorney authority for defendant Hansen's financial affairs, to the Iowa State Bank, which had a lien on the

_____

[1]Hansen seeks the return of the following property: (1) 2007 Chrysler 300; (2) Harley-Davidson pocket knife; (3) USB drive; (4) brown wallet with U.S. currency, student ID, and bank card; (5) flashlights; (6) blue bank pouch w/zipper; (7) black AWS-Blade 100 scale; (8) Micro SD cell phone cards; and (9) plastic baggies.

automobile and held the title to it pursuant to an outstanding loan agreement, for a foreclosure sale. The prosecution represents that the Iowa State Bank subsequently sold the automobile to the Kossuth County Sheriff's Office for the remaining balance due on it.[2] Hansen has filed a reply in which he contests only item no. 1, the Chrysler 300 automobile.

## II.    *LEGAL ANALYSIS*

Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by . . . the deprivation of property may move for the property's return." FED. R. CRIM. P. 41(g). "[A] person from whom property is seized is presumed to have a right to its return." *See Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). "Post-conviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions, and the district court where the claimant was tried has subject-matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable action." *Thompson v. Covington*, 47 F.3d 974, 975 (8th Cir. 1995) (citations omitted).

Hansen, as the movant, must identify with specificity the claimed items of property. *See United States v. Dean*, 100 F.3d 19, 21 (5th Cir. 1996) (stating that "[g]eneral or conclusory assertions will not suffice"). Hansen must also establish lawful entitlement to the seized property. *See Jackson*, 526 F.3d at 396. If Hansen meets his burden, the prosecution must then establish a legitimate reason to retain the property, which it may do by showing a cognizable claim of ownership or right to possession adverse to the movant's. *See id.* at 396–97. "A Rule 41(g) motion 'is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to

---

[2]The prosecution has attached an Iowa Department of Transportation Affidavit of Foreclosure Sale which shows that the Iowa State Bank sold the 2007 Chrysler 300 at a foreclosure sale to the Kossuth County Sheriff on May 8, 2013, for $7,250.00. *See* Government Ex. 1 at 1.

forfeiture or the government's need for the property as evidence continues.'" *Id.* at 397 (quoting *United States v. Vanhom*, 296 F.3d 713, 719 (8th Cir. 2002)).

When the prosecution indicates that it does not possess the property at issue, "the district court must determine whether the government retains the property, and if the court finds the government no longer possesses the property, then it must determine what happened to the property." *United States v. Bailey*, 407 Fed. App'x 74, 75 (8th Cir. 2011); *see United States v. Chambers*, 192 F.3d 374, 378 (3d Cir. 1999) (instructing that "[w]hen the government asserts that it no longer possesses property whose return is sought under Rule 41(g), the district court must determine whether the government retains the property, and if the court finds the government no longer possesses the property, then it must determine what happened to the property."). Here, the prosecution asserts that it has not retained possession of the 2007 Chrysler 300 automobile and has presented evidence that that the Iowa State Bank, as the owner and holder of a security interest in the 2007 Chrysler 300 automobile, sold the automobile, at a foreclosure sale, to the Kossuth County Sheriff's Office for the remaining balance due on the vehicle. Hansen has presented no evidence to the contrary despite being given an opportunity to respond. As such, I find that the prosecution has sufficiently accounted for the transfer of possession of this vehicle and, given that the Iowa State Bank had a lien on the automobile, Hansen has not established that he is lawfully entitled to its return. Therefore, Hansen's *pro se* Motion for Return of Property is denied.

**IT IS SO ORDERED**.

**DATED** this 16th day of May, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA